IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DORIS R. SMITH                                                                                          PLAINTIFF

VS.                                      CASE NO. 4:17-CV-00857 JM

DEPARTMENT OF FINANCE
and ADMINISTRATION                                                                         DEFENDANT

SECOND AMENDED COMPLAINT

Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), and pursuant to the Fourteenth Amendment to the United States Constitution, in order to recover damages against the defendant for the unlawful employment practices that the plaintiff **Doris R. Smith** has been subjected to on account of her race and in retaliation for having complained about discriminatory treatment. The plaintiff also seeks relief pursuant to 42 U.S.C.S. § 1983, in that the unlawful employment practices were committed by the defendant while acting under color of law. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.

Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

1

2. The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.

Parties

3. The plaintiff Doris R. Smith is an African-American female, and is a resident of the United States of America.

4. The Defendant Department of Finance and Administration, is an agency of the State of Arkansas, and pursuant to Ark. Code Ann. § 25-8-101(b), "[t]he executive head of the Department of Finance and Administration shall be the Director of the Department of Finance and Administration. The director shall be appointed by the Governor and shall serve at the pleasure of the Governor."

5. The current director of the Department of Finance and Administration is Larry Walther. Pursuant to Ark. Code Ann. § 19-1-201, the director of the Department of Finance and Administration is the Chief Fiscal Officer of the State.

6. The defendant Department of Finance and Administration is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

III.

Facts

7. The plaintiff was hired by the Department of Finance and Administration (DF&A) in April 2004.

8. The plaintiff is a certified public accountant (CPA) by trade.

9. Currently the plaintiff holds the position of State Tech Administrator in the Office of Intergovernmental Services ("IGS"), which is a division within the Department of Finance and Administration.

10. The plaintiff, in her position as DFA Intergovernmental/State Technology Administrator over the Office of Intergovernmental Services, is responsible for the administration of various federal grant programs, including the Victims of Crime Act (VOCA), STOP Violence Against Women (STOP), Family Violence Prevention Services Act (FVPSA), and the Edward Byrne Memorial Justice Assistance Grant (JAG) programs.

11. The plaintiff is also responsible for tracking and conducting analysis of state agencies' information technology budgets and expenditures for significant IT projects. Additionally, the plaintiff is responsible for administering the State Clearinghouse, which serves as the Single Pointe of Contact (SPOC) for the State of Arkansas to various state agencies, regional planning councils, water management districts, and local governments that participate in the intergovernmental review process.

12. Prior to February 7, 2017, the plaintiff was classified as a DFA N909 Administrator, which is a pay grade classification.

13. The plaintiff is the only N level African-American Administrator in DFA Management Services, as of June 30, 2017.

14. Prior to February 2017, there were seven N909 Administrators, within DF&A Management Services, one of these positions was held by the plaintiff.

15. Again, the plaintiff is the only African-American who held a N909 Administrator's position.

16. On February 7, 2017, Senate Bill 289 was introduced before the Arkansas General Assembly.

17. The purpose of Senate Bill 289 was to revise the Uniform Classification and Compensation Act of 1969 ("the Compensation Act").

18. The plaintiff found out that her position was not being reclassified to a SE02 position, as her white counter-parts.

19. On February 8, 2017, the plaintiff sent an email to her superiors, wanting to know why she was not being reclassified to an SE02 position, while her counter-parts were.

20. The original version of SB 289 had the plaintiff's position being reclassified to the pay grade of GS15, which is below the executive level and would have been a substantial demotion for the plaintiff, while her white counter-parts were being reclassified to the SE02 position.

21. The new pay plan was scheduled to go into effect on July 1, 2017.

22. Upon information and belief, management officials of the various departments make recommendations about various positions to the legislature, to be included in the bill, and where those positions should be placed on the pay scale, and the pay grade to be assigned.

23. Along with the pay reclassification, the plaintiff's colleagues, who are all Caucasians, were scheduled to receive significant pay increases effective July 1, 2017.

24. On February 10, 2017, the plaintiff made contact with the Equal Employment Opportunity Commission (EEOC), for the purpose of filing a complaint of discrimination, due to her not being scheduled for a pay grade reclassification, that was equal to her white counter-parts.

25. On February 16, 2017, the EEOC notified the defendant of the plaintiff's contact with said agency.

26. On February 21, 2017, Amendment No. 3 to Senate Bill No. 289 was filed. The amendment modified several positions, with new pay grades.

27. Amendment No. 3 changed the plaintiff's position to have a pay grade of SE02.

28. Amendment No. 3 was given final approval by the legislature on March 3, 2017, which meant that the plaintiff's position was scheduled to be changed to a SE02 pay grade as of July 1, 2017.

29. On March 21, 2017, the plaintiff filed a Charge of Discrimination with the EEOC (No. 493-2017-00661), contending that she was denied a reclassification of her pay grade based on her race.

30. The defendant submitted its response to said Charge of Discrimination to the EEOC on May 12, 2017.

31. On July 7, 2017, the plaintiff met with Paul Louthian, Deputy Director/Comptroller about hiring issues.

32. Mr. Louthian advised the plaintiff, during the above-mentioned meeting, that although her position was given legislative approval to be reclassified to the SE02 position, the agency decided to downgrade the plaintiff's position to a SE01, placing her on a lower pay scale.

33. Again, most if not all of the plaintiff's white counter-parts received a pay classification to the SE02 position, and received a significant pay increase, while the plaintiff did not.

34. During the past five (5) years, the plaintiff has performed her job duties in an exemplary fashion, and has received "far exceeds" on her performance evaluations.

35. The plaintiff has been afforded less favorable terms and conditions of her employment with the defendant, on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

36. Furthermore, the plaintiff has been subjected to disparate treatment on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

37. Also, the plaintiff was subjected to retaliation for having complained about discriminatory treatment, when she was downgraded from her legislative approved pay grade of SE02 to the pay grade of SE01.

38. Due to the plaintiff complaining about acts of discrimination, she was subjected to acts of retaliation, and was also terminated from her place of employment with the defendant on or about April 3, 2018, in retaliation for having complained about discrimination, and due to her race in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

39. The acts of subjecting the plaintiff to disparate treatment on account of her race, and retaliating against the plaintiff after having complained about discriminatory treatment, in violation of her civil rights and federally protected rights, were done by the defendant under the color of law, making this cause of action enforceable pursuant to 42 U.S.C.S. § 1983.

40. On March 21, 2017, the plaintiff filed a Charge of Discrimination (No. 493-2017-00661) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against based on her race, when she was denied the opportunity to elevated to the SE02 pay grade, while her white counter-parts received such elevation. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

41. In response to the Plaintiff's Charge of Discrimination (No. 493-2017-00661) that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated September 27, 2017, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

42. Also, on October 31, 2017, the plaintiff filed a second Charge of Discrimination (No. 493-2017-01451) with the Equal Employment Opportunity Commission (EEOC), contending that she had been retaliated against, after having complained about discriminatory treatment, when she was downgraded from her legislative approved pay grade of SE02, to the pay grade of SE01 on or about July 7, 2017. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "C"**).

43. In response to the Plaintiff's Charge of Discrimination (No. 493-2017-01451) that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated March 20, 2018, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "D"**).

44. On July 24, 2018, the plaintiff filed a third Charge of Discrimination (No. 493-2018-01267) with the Equal Employment Opportunity Commission (EEOC), contending that she had been retaliated against, after having complained about discriminatory treatment, when she was downgraded from her legislative approved pay grade of SE02, to the pay grade of SE01 on or about July 7, 2017. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "E"**).

45. In response to the Plaintiff's Charge of Discrimination (No. 493-2018-01267) that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated

August 8, 2018, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "F"**).

46. This cause of action is being brought within ninety (90) days of the plaintiff receiving his right-to-sue letter as referenced in paragraph 40 of this complaint.

47. Due to the above-mentioned acts of discrimination, the plaintiff has suffered mental anguish, embarrassment, lost wages, all in a manner to be proven at trial.

## JURY DEMAND

48. The plaintiff requests that this matter be tried before a jury of twelve (12) fair and impartial citizens of this state.

THEREFORE, the plaintiff is seeking the following relief for the above mentioned described unlawful employment practices:

a. declare that the plaintiff has been subjected to unlawful discriminatory practices;

b. promoted to the position of Division Manager with back pay;

c. reinstatement;

d. the cost of prosecuting this action;

e. attorney's fees;

f. and for all other equitable, legal, and just relief.

Respectfully submitted,

**/s/** Austin Porter Jr.
Bar Number 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1300
Little Rock, Arkansas 72201
Telephone: 501-244-8200

Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas - Western Division, on the 4th day of October 2018, using the CM/ECF system, which is designed to send notification of such filing to the following:

Robert T. James
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201

Robert.james@arkansasag.gov


**/s/**Austin Porter Jr**.**