IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DORIS R. SMITH                                                                                      PLAINTIFF

V.                                      CASE NO. 4:17CV00857 JM

DEPARTMENT OF FINANCE
AND ADMINISTRATION                                                                        DEFENDANT


**ORDER**

Pending is Defendant Department of Finance and Administration's ("DFA") Motion for Summary Judgment. Plaintiff has responded to the motion and DFA has replied. For the reasons set forth below, the Motion is granted in part and denied in part.

I.     Facts

Plaintiff Doris R. Smith ("Smith") an African-American female was employed by DFA from April 2004 until her termination on April 3, 2018. Smith alleges that she did not receive a promotion because of her race and that she was terminated because of her race and in retaliation for filing claims of discrimination. Smith brings her claims pursuant to 42 U.S.C. § 2000e, Title VII, 42 U.S.C. §§1981 and 1983.

II.    Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact

1

because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

III. <u>Analysis</u>

DFA is immune from Plaintiff's claims pursuant to §1981 and 1983. The Eleventh Amendment bars any suit against a state in federal court unless the state has consented to suit or Congress has unambiguously abrogated the state's Eleventh Amendment immunity. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-56 (1996). Congress did not abrogate Arkansas' Eleventh Amendment immunity when it enacted § 1981 and § 1983. *See Singletary v. Mo. Dep't of Corr.*,

423 F.3d 886, 890 (8th Cir. 2005) (regarding § 1981); *Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991) (regarding § 1983). In addition, the State of Arkansas has not consented to suit for the purposes of the Eleventh Amendment. *Burk*, 948 F.2d at 493. "The Eleventh Amendment provides states, and state agencies[,] ... with immunity not only from suits brought by citizens of other states, but also from suits brought by their own citizens." *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003) (internal citations omitted). The Eleventh Amendment bars suit against " 'the state or one of its agencies or departments' ... whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ) (internal citations omitted). Thus, Plaintiff's §§1981 and 1983 claims are barred. Congress validly abrogated the Eleventh Amendment with the enactment of Title VII, *see Warren v. Prejean*, 301 F.3d 893, 899 (8th Cir. 2002), thus Smith's claims under Title VII are not barred.

In order to establish a prima facie case of race discrimination, Plaintiff must show that (1) she was a member of a protected class; (2) she was meeting the employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 934 (8th Cir. 2006) (citing *Philip v. Ford Motor Co.*, 413 F.3d 766, 768 (8th Cir.2005). If a prima facie case is established, a "burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for firing the plaintiff." *Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir.2005). If the employer makes such a showing, the plaintiff must then demonstrate by a preponderance of the evidence that the stated non-discriminatory reason was a mere pretext for discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515-16, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

In February 2017, Smith's salary pay grade was N909 which corresponded to a salary of $102,088. On February 7, 2017, Senate Bill 289 was introduced in the Arkansas Legislature to revise the compensation plan under the Uniform Classification and Compensation Act. The original senate bill placed Smith's pay grade at the GS-15 pay level. All other administrators had been placed at the SE02 pay level. Smith made contact with the EEOC for the purpose of filing a charge of discrimination complaining about the pay grade issue. Thereafter, amendments were made to the senate bill and the Amended SB289 placed Smith's position at the SE02 pay grade. The amendments authorized compensation for employees at pay grade N909,. N906 or N907 to SE02.

On July 7, 2017, Plaintiff learned that she was being placed at the SE01 position. Defendant argues that although SB289, later signed into law as Act 365 authorized the re-classification of employees from N909, N906 and N907 to SE02, it did not guarantee that any employee would be re-classified to the SE02 pay grade. Smith claims that she was the only administrator within management services to be placed at the SE01 pay level. All other white contemporaries were placed at the higher pay grade. Smith points to comparators Ricky Quattlebaum, Edward Armstrong, John Shellnut, Duncan Baird, Kay Barnhill, Chris Howlett and Kenneth Williams all Caucasian, all promoted to SE02.

On March 21, 2017, Smith filed a charge of discrimination with the EEOC complaining that her position was not reclassified to SE02 because of her race. On October 31, 2017 Plaintiff filed another EEOC charge in which she complained that although she was approved for reclassification to SE02, she did not receive the Senior Executive II position promotion. Smith claimed that she was being treated differently because of her race and in retaliation for filing a previous charge of discrimination.

Defendant does not dispute that Smith is a member of a protected class and that she suffered an adverse employment action. Defendant argues that Smith is unable to show that similarly situated employees who were not members of the protected group were treated differently. The Court finds that Smith has presented sufficient evidence that similarly situated individuals not members of the protected class received the promotion to SE02. This evidence is sufficient to create a genuine issue of material fact precluding summary judgment. Further, this evidence creates a genuine issue of material fact as to whether Defendant's stated reasons for denying Smith the additional promotion were the real reason for its actions or were pretext.

Smith was terminated on April 3, 2018, she filed a third charge of discrimination alleging that her termination was based on race and in retaliation for her previous charges of discrimination.[1] To establish a retaliation claim under Title VII, an employee must show she engaged in statutorily protected conduct, she suffered an adverse employment action, and that there was a causal link between the two actions. *McCullogh v. Univ. of Ark. for Med. Sciences*, 559 F.3d 855, 864 (8th Cir. 2009). "Once a plaintiff has shown a *prima facie* case of retaliation, the burden shifts to the employer to proffer a legitimate, non-retaliatory basis for the adverse employment action. The plaintiff then bears the burden of proving that the employer's proffered reason was a mere pretext for a retaliatory motive*." Id.* The Court finds that the Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether her termination occurred in retaliation for her complaining about race discrimination and retaliation. Likewise, the evidence is sufficient to create a genuine issue of fact as to pretext.

IV. Conclusion

---

[1] With regard to her termination claim based on race discrimination, Plaintiff concedes that she has no evidence of similarly situated individuals outside the protected group who were treated differently. Accordingly, Plaintiff's race discrimination termination claim is dismissed.

For these reasons, Defendant's Motion for Summary Judgment (ECF No. 41) is GRANTED IN PART AND DENIED IN PART. Smith's §§ 1981,1983 and her race based Title VII termination claims are dismissed. The remaining claims will proceed to trial.

IT IS SO ORDERED this 26th day of February, 2020.

_____
James M. Moody Jr.
United States District Judge