**CLOSING JURY INSTRUCTIONS**


**DORIS R. SMITH V. DEPARTMENT OF FINANCE AND ADMINISTRATION**


**CASE NO. 4:17CV00857**

# JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY, THE INSTRUCTIONS I GAVE AT THE BEGINNING OF THE TRIAL AND DURING THE TRIAL REMAIN IN EFFECT. NOW I AM GOING TO GIVE YOU SOME ADDITIONAL INSTRUCTIONS.

YOU HAVE TO FOLLOW ALL OF MY INSTRUCTIONS - THE ONES I GAVE YOU EARLIER, AS WELL AS THOSE I GIVE YOU NOW. DO NOT SINGLE OUT SOME INSTRUCTIONS AND IGNORE OTHERS, BECAUSE THEY ARE ALL IMPORTANT. THIS IS TRUE EVEN THOUGH I AM NOT GOING TO REPEAT SOME OF THE INSTRUCTIONS I GAVE YOU AT THE BEGINNING OF THE TRIAL.

YOU WILL HAVE COPIES OF THE INSTRUCTIONS I AM ABOUT TO GIVE YOU NOW IN THE JURY ROOM; OTHERS YOU WILL NOT HAVE COPIES OF. THIS DOES NOT MEAN SOME INSTRUCTIONS ARE MORE IMPORTANT THAN OTHERS. REMEMBER, YOU HAVE TO FOLLOW ALL INSTRUCTIONS, NO MATTER WHEN I GIVE THEM, WHETHER OR NOT YOU HAVE WRITTEN COPIES.

# JURY INSTRUCTION NO. 2

I HAVE NOT INTENDED TO SUGGEST WHAT I THINK YOUR VERDICT SHOULD BE BY ANY OF MY RULINGS OR COMMENTS DURING THE TRIAL.

# JURY INSTRUCTION NO. 3

IN DECIDING WHAT THE FACTS ARE, YOU MAY HAVE TO DECIDE WHAT TESTIMONY YOU BELIEVE AND WHAT TESTIMONY YOU DO NOT BELIEVE. YOU MAY BELIEVE ALL OF WHAT A WITNESS SAID, OR ONLY PART OF IT, OR NONE OF IT.

YOU MAY CONSIDER A WITNESS'S INTELLIGENCE; THE OPPORTUNITY THE WITNESS HAD TO SEE OR HEAR THE THINGS TESTIFIED ABOUT; A WITNESS'S MEMORY, KNOWLEDGE, EDUCATION, AND EXPERIENCE; ANY REASONS A WITNESS MIGHT HAVE FOR TESTIFYING A CERTAIN WAY, HOW A WITNESS ACTED WHILE TESTIFYING, WHETHER A WITNESS SAID SOMETHING DIFFERENT AT ANOTHER TIME, WHETHER A WITNESS'S TESTIMONY SOUNDED REASONABLE, AND WHETHER OR TO WHAT EXTENT A WITNESS'S TESTIMONY IS INCONSISTENT WITH OTHER EVIDENCE YOU BELIEVE.

IN DECIDING WHETHER TO BELIEVE A WITNESS, REMEMBER THAT SOMETIMES PEOPLE HEAR OR SEE THINGS DIFFERENTLY AND SOMETIMES FORGET THINGS. YOU WILL HAVE TO DECIDE WHETHER A CONTRADICTION IS AN INNOCENT MISRECOLLECTION, OR LAPSE OF MEMORY, OR AN INTENTIONAL FALSEHOOD; THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR ONLY A SMALL DETAIL.

# JURY INSTRUCTION NO. 4

YOU WILL HAVE TO DECIDE WHETHER CERTAIN FACTS HAVE BEEN PROVED BY THE GREATER WEIGHT OF THE EVIDENCE. A FACT HAS BEEN PROVED BY THE GREATER WEIGHT OF THE EVIDENCE, IF YOU FIND THAT IT IS MORE LIKELY TRUE THAN NOT TRUE. YOU DECIDE THAT BY CONSIDERING ALL OF THE EVIDENCE AND DECIDING WHAT EVIDENCE IS MORE BELIEVABLE.

YOU HAVE PROBABLY HEARD OF THE PHRASE "PROOF BEYOND A REASONABLE DOUBT." THAT IS A STRICTER STANDARD THAN "MORE LIKELY TRUE THAN NOT TRUE." IT APPLIES IN CRIMINAL CASES, BUT NOT IN THIS CIVIL CASE; SO PUT IT OUT OF YOUR MIND.

**JURY INSTRUCTION NO. 5**

THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION IS A STATE AGENCY, AS SUCH, IT ACTS ONLY THROUGH ITS AGENTS OR EMPLOYEES AND ANY AGENT OR EMPLOYEE OF THIS STATE AGENCY MAY BIND THE AGENCY BY ACTS AND STATEMENTS MADE WHILE ACTING WITHIN THE SCOPE OF THE AUTHORITY DELEGATED TO THE AGENT BY THE AGENCY, OR WITHIN THE SCOPE OF HIS OR HER DUTIES AS AN EMPLOYEE OF THE AGENCY.

# JURY INSTRUCTION NO. 6

YOU MAY NOT RETURN A VERDICT FOR THE PLAINTIFF JUST BECAUSE YOU MIGHT DISAGREE WITH THE DEFENDANT'S DECISION OR BELIEVE IT TO BE HARSH OR UNREASONABLE.

# JURY INSTRUCTION NO. 7

YOUR VERDICT MUST BE FOR THE PLAINTIFF, DORIS R. SMITH , AND AGAINST THE DEFENDANT, ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION, ON PLAINTIFF'S RACE DISCRIMINATION CLAIM IF ALL THE FOLLOWING ELEMENTS HAVE BEEN PROVED:

FIRST, THE DEFENDANT DID NOT PROMOTE THE PLAINTIFF TO THE SE02 PAY GRADE, AND

SECOND, THE PLAINTIFF'S RACE WAS A MOTIVATING FACTOR IN THE DEFENDANT'S DECISION.

IF EITHER OF THE ABOVE ELEMENTS HAS NOT BEEN PROVED, YOUR VERDICT MUST BE FOR THE DEFENDANT AND YOU NEED NOT PROCEED FURTHER IN CONSIDERING THIS CLAIM. YOU MAY FIND THAT THE PLAINTIFF'S RACE WAS A MOTIVATING FACTOR IN THE DEFENDANT'S DECISION IF IT HAS BEEN PROVED THAT THE DEFENDANT'S STATED REASON FOR ITS DECISION ARE A PRETEXT TO HIDE RACE DISCRIMINATION.

# JURY INSTRUCTION NO. 8

YOU MAY FIND THAT THE PLAINTIFF'S RACE WAS A MOTIVATING FACTOR IN THE DEFENDANT'S DECISION IF IT HAS BEEN PROVED THAT THE DEFENDANT'S STATED REASONS FOR ITS DECISION ARE NOT THE REAL REASON, BUT ARE A PRETEXT TO HIDE RACE DISCRIMINATION.

# JURY INSTRUCTION NO. 9

AS USED IN THESE INSTRUCTIONS, THE PLAINTIFF'S RACE WAS A "MOTIVATING FACTOR," IF THE PLAINTIFF'S RACE PLAYED A PART IN THE DEFENDANT'S DECISION NOT TO PROMOTE THE PLAINTIFF TO THE PAY GRADE CLASSIFICATION OF SE02. HOWEVER, THE PLAINTIFF'S RACE NEED NOT HAVE BEEN THE ONLY REASON FOR THE DEFENDANT'S DECISION NOT TO PROMOTE THE PLAINTIFF.

# JURY INSTRUCTION NO. 10

IF YOU FIND IN FAVOR OF THE PLAINTIFF UNDER INSTRUCTION 7 THEN YOU MUST ANSWER THE FOLLOWING QUESTION IN THE VERDICT FORMS: HAS IT BEEN PROVED THAT THE DEFENDANT WOULD NOT HAVE PROMOTED THE PLAINTIFF TO THE PAY GRADE CLASSIFICAION OF SE02 REGARDLESS OF HER RACE?

# JURY INSTRUCTION NO. 11

YOUR VERDICT MUST BE FOR PLAINTIFF DORIS R. SMITH AND AGAINST THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION ON PLAINTIFF'S CLAIM OF RETALIATION IF ALL OF THE FOLLOWING ELEMENTS HAVE BEEN PROVED:

FIRST, THE PLAINTIFF FILED AN EEOC CHARGE ALLEGING RACE DISCRIMINATION; AND

SECOND, THE DEFENDANT DISCHARGED THE PLAINTIFF; AND

THIRD, THE PLAINTIFF'S DISCHARGE MIGHT WELL DISSUADE A REASONABLE WORKER IN THE SAME OR SIMILAR CIRCUMSTANCES FROM MAKING OR SUPPORTING A CHARGE OF DISCRIMINATION; AND

FOURTH, THE DEFENDANT WOULD NOT HAVE DISCHARGED PLAINTIFF BUT-FOR PLAINTIFF FILING AN EEOC CHARGE.

IF ANY OF THE ABOVE ELEMENTS HAS NOT BEEN PROVED, YOUR VERDICT MUST BE FOR THE DEFENDANT AND YOU NEED NOT PROCEED FURTHER IN CONSIDERING THIS CLAIM.

"BUT-FOR" DOES NOT REQUIRE THAT PLAINTIFF'S FILING OF THE EEOC CHARGE WAS THE ONLY REASON FOR THE DECISION MADE BY THE DEFENDANT. YOU MAY FIND THAT THE DEFENDANT WOULD NOT HAVE DISCHARGED THE PLAINTIFF "BUT-FOR" PLAINTIFF'S FILING OF EEOC CHARGE IF IT HAS BEEN

PROVED THAT THE DEFENDANT'S STATED REASONS FOR ITS DECISION ARE NOT THE REAL REASONS BUT ARE A PRETEXT TO HIDE RETALIATION.

JURY INSTRUCTION NO. 12

YOUR VERDICT MUST BE FOR PLAINTIFF DORIS R. SMITH AND AGAINST THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION ON PLAINTIFF'S CLAIM OF RETALIATION IF ALL OF THE FOLLOWING ELEMENTS HAVE BEEN PROVED:

FIRST, THE PLAINTIFF COMPLAINED TO THE DEFENDANT THAT SHE WAS BEING DISCRIMINATED AGAINST BASED ON HER RACE WHEN SHE WAS NOT PROMOTED TO THE SE02 POSITION LIKE HER COLLEAGUES WERE; AND

SECOND, THE PLAINTIFF REASONABLY BELIEVED THAT SHE WAS BEING DISCRIMINATED AGAINST ON THE BASIS OF HER RACE; AND

THIRD, THE DEFENDANT DISCHARGED THE PLAINTIFF; AND

FOURTH, THE PLAINTIFF'S DISCHARGE MIGHT WELL DISSUADE A REASONABLE WORKER IN THE SAME OR SIMILAR CIRCUMSTANCES FROM OPPOSING DISCRIMINATORY TREATMENT; AND

FIFTH, THE DEFENDANT WOULD NOT HAVE DISCHARGED PLAINTIFF BUT-FOR PLAINTIFF'S COMPLAINT OF RACE DISCRIMINATION.

IF ANY OF THE ABOVE ELEMENTS HAS NOT BEEN PROVED, YOUR VERDICT MUST BE FOR THE DEFENDANT AND YOU NEED NOT PROCEED FURTHER IN CONSIDERING THIS CLAIM.

"BUT-FOR" DOES NOT REQUIRE THAT PLAINTIFF'S COMPLAINT OF RACE DISCRIMINATION WAS THE ONLY REASON FOR THE DECISION MADE BY THE DEFENDANT. YOU MAY FIND THAT THE DEFENDANT WOULD NOT HAVE DISCHARGED THE PLAINTIFF "BUT-FOR" PLAINTIFF'S COMPLAINT OF RACE DISCRIMINATION IF IT HAS BEEN PROVED THAT THE DEFENDANT'S STATED REASONS FOR ITS DECISION ARE NOT THE REAL REASONS BUT ARE A PRETEXT TO HIDE RETALIATION.

# JURY INSTRUCTION NO. 13

IF YOU FIND IN FAVOR OF THE PLAINTIFF UNDER INSTRUCTION 11 OR 12 THEN YOU MUST ANSWER THE FOLLOWING QUESTION IN THE VERDICT FORMS: HAS IT BEEN PROVED THAT THE DEFENDANT WOULD HAVE DISCHARGED THE PLAINTIFF REGARDLESS OF HER FILING AN EEOC CHARGE OR COMPLAINING ABOUT RACE DISCRIMINATION?

# JURY INSTRUCTION NO. 14

IF YOU FIND IN FAVOR OF THE PLAINTIFF UNDER INSTRUCTION 7 AND IF YOU ANSWERED "NO" IN RESPONSE TO INSTRUCTION 10, OR IF YOU FIND IN FAVOR OF PLAINTIFF ON INSTRUCTIONS 11 OR 12 AND IF YOU ANSWERED "NO" IN RESPONSE TO INSTRUCTION NO. 13, THEN YOU MUST AWARD THE PLAINTIFF SUCH SUM AS YOU FIND WILL FAIRLY AND JUSTLY COMPENSATE HER FOR ANY DAMAGES YOU FIND SHE SUSTAINED AS A DIRECT RESULT OF THE DEFENDANT'S DECISION TO DISCHARGE HER. THE PLAINTIFF'S CLAIM FOR DAMAGES INCLUDES TWO DISTINCT TYPES OF DAMAGES AND YOU MUST CONSIDER THEM SEPARATELY:

FIRST, YOU MUST DETERMINE THE AMOUNT OF ANY WAGES AND FRINGE BENEFITS THE PLAINTIFF WOULD HAVE EARNED IN HER EMPLOYMENT WITH THE DEFENDANT IF SHE HAD NOT BEEN DISCHARGED ON APRIL 3, 2018 THROUGH THE DATE OF YOUR VERDICT, MINUS THE AMOUNT OF EARNINGS AND BENEFITS THAT THE PLAINTIFF RECEIVED FROM OTHER EMPLOYMENT DURING THAT TIME.

SECOND, YOU MUST DETERMINE THE AMOUNT OF ANY OTHER DAMAGES SUSTAINED BY THE PLAINTIFF, SUCH AS MENTAL ANGUISH. YOU MUST ENTER SEPARATE AMOUNTS FOR EACH TYPE OF DAMAGES IN THE VERDICT FORM AND MUST NOT INCLUDE THE SAME ITEMS IN MORE THAN ONE CATEGORY.

YOU ARE ALSO INSTRUCTED THAT THE PLAINTIFF HAS A DUTY UNDER

THE LAW TO MITIGATE HER DAMAGES - THAT IS, TO EXERCISE REASONABLE DILIGENCE UNDER THE CIRCUMSTANCES TO MINIMIZE HER DAMAGES. THEREFORE, IF YOU FIND THAT THE PLAINTIFF FAILED TO SEEK OUT OR TAKE ADVANTAGE OF AN OPPORTUNITY THAT WAS REASONABLY AVAILABLE TO HER, YOU MUST REDUCE HER DAMAGES BY THE AMOUNT SHE REASONABLY COULD HAVE AVOIDED IF SHE HAD SOUGHT OUT OR TAKEN ADVANTAGE OF SUCH AN OPPORTUNITY.

REMEMBER, THROUGHOUT YOUR DELIBERATIONS, YOU MUST NOT ENGAGE IN ANY SPECULATION, GUESS, OR CONJECTURE AND YOU MUST NOT AWARD DAMAGES UNDER THIS INSTRUCTION BY WAY OF PUNISHMENT OR THROUGH SYMPATHY.

# JURY INSTRUCTION NO. 15

IF YOU FIND IN FAVOR OF THE PLAINTIFF UNDER INSTRUCTION 7, THE FAILURE TO PROMOTE CLAIM, AND YOU ANSWERED "NO" IN RESPONSE TO INSTRUCTION 10, THAT DF&A WOULD NOT HAVE PROMOTED SMITH TO THE PAY GRADE CLASSIFICATION OF SEO2 REGARDLESS OF RACE, OR IF YOU FIND IN FAVOR OF PLAINTIFF ON INSTRUCTIONS 11 OR 12, THE RETALIATION CLAIMS, AND IF YOU ANSWERED 'NO' IN RESPONSE TO INSTRUCTION 13, THAT DF&A WOULD HAVE FIRED SMITH EVEN IF SMITH HAD NOT FILED THE EEOC CLAIM OR COMPLAINEDABOUT DISCRIMINATION, BUT FIND THAT PLAINTIFF'S DAMAGES HAVE NO MONITARY VALUE, THEN YOU MUST RETURN A VERDICT FOR PLAINTIFF IN THE NOMINAL AMOUNT OF ONE DOLLAR ($1.00).

.

# JURY INSTRUCTION NO. 16

THERE ARE RULES YOU MUST FOLLOW WHEN YOU GO TO THE JURY ROOM TO DELIBERATE AND RETURN WITH YOUR VERDICT.

FIRST, YOU WILL SELECT A FOREPERSON. THAT PERSON WILL PRESIDE OVER YOUR DISCUSSIONS AND SPEAK FOR YOU HERE IN COURT.

SECOND, IT IS YOUR DUTY, AS JURORS, TO DISCUSS THIS CASE WITH ONE ANOTHER IN THE JURY ROOM. YOU SHOULD TRY TO REACH AGREEMENT, IF YOU CAN DO THIS WITHOUT GOING AGAINST WHAT YOU BELIEVE TO BE THE TRUTH, BECAUSE ALL JURORS HAVE TO AGREE ON THE VERDICT.

EACH OF YOU MUST COME TO YOUR OWN DECISION, BUT ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED THE EVIDENCE FULLY WITH YOUR FELLOW JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR MIND IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT, DO NOT COME TO A DECISION JUST BECAUSE OTHER JURORS THINK IT IS RIGHT, OR JUST TO REACH A VERDICT. REMEMBER YOU ARE NOT FOR OR AGAINST ANY PARTY. YOU ARE JUDGES – JUDGES OF THE FACTS. YOUR ONLY JOB IS TO STUDY THE EVIDENCE AND DECIDE WHAT IS TRUE.

THIRD, IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR

DELIBERATIONS, SEND ME A NOTE SIGNED BY ONE OR MORE OF YOU. GIVE THE NOTE TO THE COURT SECURITY OFFICER AND I WILL ANSWER YOU AS SOON AS I CAN, EITHER IN WRITING OR HERE IN COURT. WHILE YOU ARE DELIBERATING, DO NOT TELL ANYONE - INCLUDING ME - HOW MANY JURORS ARE VOTING FOR ANY SIDE.

FOURTH, YOUR VERDICT HAS TO BE BASED ONLY ON THE EVIDENCE AND ON THE LAW THAT I HAVE GIVEN TO YOU IN MY INSTRUCTIONS. NOTHING I HAVE SAID OR DONE WAS MEANT TO SUGGEST WHAT I THINK YOUR VERDICT SHOULD BE. THE VERDICT IS ENTIRELY UP TO YOU.

FINALLY, THE VERDICT FORM IS YOUR WRITTEN DECISION IN THIS CASE. THE FORM READS: (READ FORM). YOU WILL TAKE THIS FORM TO THE JURY ROOM, AND WHEN YOU HAVE ALL AGREED ON THE VERDICTS, YOUR FOREPERSON WILL FILL IN THE FORM, SIGN AND DATE IT, AND TELL THE COURT SECURITY OFFICER THAT YOU ARE READY TO RETURN TO THE COURTROOM.