IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


DORIS R. SMITH                                                                          PLAINTIFF

VS.                                          CASE NO. 4:17-CV-00857 JM

DEPARTMENT OF FINANCE
and ADMINISTRATION                                                                    DEFENDANT


PLAINTIFF'S BRIEF IN SUPPORT FOR EQUITABLE RELIEF

Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), in order to recover damages against the defendant for the unlawful employment practices that the plaintiff Doris R. Smith has been subjected to on account of her race and in retaliation for having complained about discriminatory treatment. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well. This matter was tried before a jury on the dates of June 8th, 9th, 10th, 11th, 2020. The jury returned a verdict in the plaintiff's favor.

*Abbreviated* Statement of Facts

Doris Smith received her bachelor's degree in Accounting and a minor in Computer Information Systems from Southern Arkansas University in Magnolia, Arkansas. Ms. Smith is also a certified public accountant. Ms. Smith became employed by the Arkansas Department of Finance and Administration (DF&A) in April 2004. Ms. Smith was hired in a position called the Internal Auditor's position. When Ms. Smith was hired, she was classified as an "exceptionally well qualified applicant." After the Internal Auditor's position, Ms. Smith then became the grants

administrator supervisor.   During Ms. Smith's tenure with DF&A, she received five (5) promotions.  Ms. Smith was next promoted to the Program Support Manager's position, and was next promoted to the Assistant Administrator's position.  Ms. Smith was finally promoted to the position of Administrator in the Office of Intergovernmental Services.

The State of Arkansas went through a pay plan reorganization which changed the employee pay codes.  Before the pay plan was implemented, the plaintiff and her white counter-parts were classified as N909s, with the exception of Ricky Quattlebaum, who was classified as a N907.  Mr. Quattlebaum informed Ms. Smith that he had heard that he and Ms. Smith were proposed to be classified as a GS-13 and GS-15 respectively.  Mr. Quattlebaum testified that he went to Paul Louthian, who assured Quattlebaum that he would get him classified at a higher pay grade.  When Mr. Louthian had a "casual conversation" with Kay Barnhill, he mentioned that he was of the opinion that Ms. Smith should be classified as a GS-15, while Mr. Quattlebaum should be classified as a SE01.

Ms. Smith attempted to get an explanation why she was being proposed to be demoted to a GS-15, while her white counterparts were going to the SE02 pay grade designation.  When Ms. Smith could not get an explanation, she went to the Equal Employment Opportunity Commission (EEOC) in February 2017.  On February 16, 2017, the EEOC sent notification to Amy Valentine, the Human Resources Manager for the Department of Finance and Administration, informing the agency that Ms. Smith was in the process of filing a complaint of discrimination.  Ms. Valentine spoke to Mr. Louthian about Ms. Smith's filing.

A draft of Senate Bill 289 was submitted during the latter part of February 2017, which had Ms. Smith going to the GS-15 pay grade, and Mr. Quattlebaum going to the SE01 pay grade.  However, after getting the EEOC notification in February 2017, SB 289 was amended to have Ms.

Smith's position classified at the SE02 pay grade along with her white counterparts; however, Ms. Smith was not aware of this amendment.  Ms. Smith requested a meeting with Mr. Louthian on July 7, 2017 to discuss problems that she was having filling vacancies within her staff. It was during this meeting that she discovered that although her position had been designated at the SE02 pay grade, she was being "downgraded" to the SE01 pay grade, which is what Mr. Louthian told her.  Ms. Smith subsequently filed a second charge of discrimination with the EEOC on October 31, 2017.

The evidence demonstrated that the plaintiff was treated differently from her white counterparts who worked in the Division of Management Services.  The evidence demonstrated that Paul Louthian wanted to terminate the plaintiff for complaining about acts of discrimination. Mr. Louthian used Ms. Smith as a scapegoat and blamed her for the STOP Implementation Plan not being approved by the Department of Justice.  Ms. Smith was terminated on April 3, 2018. The jury found in favor of the plaintiff on her claim of race discrimination, and her claims of retaliation. The jury awarded the plaintiff $223,333.81 in back pay, and awarded her $108,000.00 in compensatory damages.

Statement of Law

As the United States Supreme Court stated, the purpose of Title VII is:

> to make persons whole for injuries suffered on account of unlawful employment discrimination. *Id* at 418. In determining the specific remedies to be afforded, a district court is 'to fashion such relief as the particular circumstances of a case may require to effect restitution.' Franks, 424 U.S at 764.[1]

.   .   .

> Thus, the Court has held that the purpose of Congress in vesting broad equitable powers in Title VII courts was 'to make possible the 'fashion[ing] [of] the most

---

[1] Franks, et al. v. Bowman Transportation Co., Inc., 424 U.S. 747 (1976)

complete relief possible,' and that the district courts have' 'not merely the power but the duty to render a decree that will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.' Albemarle, *supra*, at 421, 418. More specifically, in *Franks* we decided that a court must ordinary award a seniority remedy unless there exist reasons for denying relief' 'which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination . . . and making persons whole for injuries suffered.' 424 U.S. at 771, *quoting* Albemarle, *supra*. at 421.

Teamsters v. United States, 431 U.S. 324, 364, 52 L.Ed.2d 396, 97 S.Ct. 1843 (1977), *quoting*,

Albemarle Paper Co. v. Moody, 422 U.S. 405, 418, 421, 45 L.Ed.2d 280, 95 S.Ct. 2362. "Once a

plaintiff proves that an unlawful motive played some part in the employment decision, see 42

U.S.C. § 2000e-(2)(m), the plaintiff is entitled to relief, including compensatory damages,

declaratory judgment, and injunctive relief." Doane v. City of Omaha, 115 F.3d 624, 629 (8th Cir.

1997), citing 42 U.S.C. § 2000e-5(g)(2)(B); Pedigo v. P.A.M. Transport, Inc., 60 F.3d 1300, 1301

(8th Cir. 1995). The Court went on to say that, "[a] person who has been discriminated against is

entitled to the most complete relief possible, and there is a strong presumption that persons who

have been discriminated against are entitled to back pay. King v. Staley, 849 F.2d 1143, 1144 (8th

Cir. 1988). *As always, the goal is to make the victim whole*." 115 F.3d at 629 (emphasis added).

*See also*, Harper v. General Grocers Co., 590 F.2d 713, 717 (8th Cir. 1979).

Back Pay

The jury awarded Ms. Smith $223,333.81 in back pay based on the annual salary of

$120,542.86. "Back pay is awarded to put victims of unlawful discrimination in the position in

which they would have been but for the discrimination." Floca v. Homcare Health Services, Inc.,

845 F.2d 108, 111 (5th Cir. 1988), *citing* Sellers v. Delgado Community College, 839 F.2d 1132,

1136 (5th Cir. 1988). At the time of the plaintiff's discharge from the Department of Finance and

Administration, her annual salary was $108,000.00, when it should have been $120,542.86.

According to the Arkansas Transparency Website, Kay Barnhill's annual salary was $130,692.64

as of July 1, 2019.  (**See Plaintiff's Exhibit "A"**). The plaintiff's salary should be at a minimum

consistent with that of Ms. Barnhill, who is a SE02.  Obviously, Ms. Barnhill received raises for

the fiscal year of 2018-2019 as well.  Had the plaintiff been employed by the Department of

Finance and Administration, she would have received similar raises as well.

The annual salary of $130,692.64 divided by 52 weeks equals $2,513.32.  Ms. Smith

currently works for the City of Little Rock, earning an annual salary of $77,500.00.  The annual

salary of $77,500.00 divided by 52 weeks equals $1,490.38 per week.  As it stands right now, Ms.

Smith is losing $1,022.94 per week in the difference of those salaries.

On the other hand, Duncan Baird was hired by the Arkansas Department of Finance and

Administration on January 13, 2019 as a SE02.  (**See DFA 1274 attached herein Plaintiff's**

**Exhibit "B"**). Mr. Baird was hired in at an annual salary of $123,918.08.  (**See DFA 1271 attached**

**herein as Plaintiff's Exhibit "B"**).  On February 13, 2019, Mr. Baird's annual salary was

increased to $136,309.98.  (**See DFA 1273 attached herein as Plaintiff's Exhibit "C"**).   The

annual salary of $136,309.98 divided by 52 weeks equals $2,621.34 per week.  Ms. Smith currently

has a weekly salary of $1,490.38. The difference between the weekly salary of Mr. Baird and Ms.

Smith is $1,211.96.  Therefore, as things stand today, Ms. Smith is losing $1,211.96 per week.

The jury found that the plaintiff was discriminated against when she was denied the SE02

pay grade.  In order to make Ms. Smith whole, she must be placed in the pay range equal to that

of Duncan Baird, who was making $136,309.98 per year.

The plaintiff has also experienced a loss of contribution to her retirement with the State of

Arkansas.  Had the plaintiff remained employed with the State of Arkansas, she would have had

contributions to her retirement made by the state.  This must be recouped, and the State of Arkansas

is certainly capable of determining what that amount is.

Reinstatement

The jury in the case at bar found that the plaintiff was a victim of race discrimination, when she was discharged from her place of employment with the Arkansas Department of and Finance and Administration.  In her amended complaint, the plaintiff sought reinstatement.  "Victims of discrimination are presumptively entitled to instatement or reinstatement in the usual case." Thurman v. Yellow Freight Systems, Inc., 90 F.3d 1160, 1171 (6th Cir. 1996), *citing*, Fleming v. Ayers & Associates, 948 F.2d 993, 998 (6th Cir. 1991). "Title VII relief is designed to be 'make whole' relief, that is, it should put the plaintiff in as good a position as if the discrimination never occurred."  Ingram v. Missouri Pacific Railroad Company, 897 F.2d 1450, 1456 (8th Cir. 1990). In the case at bar, had the plaintiff not been discriminated against, based on her race, she would have received the SE02 pay grade at $120,133.00.  The plaintiff would not have been terminated as well.

Furthermore, had the plaintiff continued her employment with the Department of Finance and Administration, she would have received her raises, just as her white counterparts.  Kay Barnhill's annual salary is $130,692.64.  Duncan Baird had an annual salary of $136,309.98.  The plaintiff should also be placed back in her position as the Administrator of the Office of Intergovernmental Services, at the annual pay of $136,309.98.

Declaratory Relief and Injunctive Relief

The courts have held that when the evidence establishes that the plaintiff has been a victim of discriminatory conduct, then they are entitled to have a declaration by the court.  Where the evidence clearly demonstrated that black teachers were being paid less than white teachers, for performing the same duties, and holding the same degrees and certificates, the court stated that the

plaintiff "is also entitled to a declaratory decree to the effect that such unlawful discrimination exists." Mills v. Board of Education of Anne Arundel County, 30 F.Supp. 245, 249 (D.C. Maryland, 1939).  Furthermore, the courts have held that "[u]nder the Declaratory Judgment Act, 28 U.S.C.A. § 400, the district has jurisdiction, when a controversy exists, 'to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed.'" Morris v. Williams, 149 F.2d 703, 709 (8th Cir. 1945); *see also*, Davis v. Cook, 55 F.Supp. 1004, 1007 (N.D. Georgia 1944).  The Courts have held that even when the after acquired evidence rule would defeat certain forms of relief, it would not prevent the plaintiff form getting declaratory relief.  Wallace v. Dunn Construction Company, Inc., 968 F.2d 1174, 1182 (11th Cir. 1992).  The plaintiff is also entitled to an injunction to prevent further acts of discrimination. *See* Doane v. City of Omaha, 115 F.3d 624, 629 (8th Cir. 1997), *citing* 42 U.S.C. § 2000e-5(g)(2)(B); Pedigo v. P.A.M. Transport, Inc., 60 F.3d 1300, 1301 (8th Cir. 1995).

In conclusion, the plaintiff is entitled to the most complete relief possible as the victim of discrimination and retaliation as found by the jury.  The plaintiff is entitled to a declaration from this court that the defendant has subjected her to unlawful employment practices when it refused to promote her to the SE02 pay grade based on her race and in retaliation for having complained about discrimination, and further retaliated against her when it terminated her from her place of employment on April 3, 2018.  Such a declaration would be consistent with the findings of the jury, and the court can make no other findings.  The plaintiff should also be reinstated to her position as the Administrator for Intergovernmental Services at the SE02 pay grade.  The plaintiff is also entitled to injunctive relief, to prevent the defendant from committing further acts of racial discrimination and retaliation in the future.

Respectfully submitted,

Austin Porter Jr.
Bar Number 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

## CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas, on this 16th day of June 2020, by using the CM/ECF system, which is designed to send notification of such filing to the following person:

Robert T. James
Maryna Jackson
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201

Robert.james@arkansasag.gov
Jackson.maryna@arkansasag.gov

Austin Porter Jr.